IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| LOTUS FOODS BOSTON, LLC, | ) |
| | ) |
| Plaintiff, | )   2:23-CV-01859-MJH |
| | ) |
| vs. | ) |
| | ) |
| GO FRESH 365, INC., LONG DENG, | ) |
| | ) |
| Defendants, | |

OPINION

Plaintiff, Lotus Foods Boston, LLC, brings the within action, under a theory of successor liability, against Defendants, Go Fresh 365, Inc., and Long Deng, for breach of contract, unjust enrichment, and conspiracy concerning alleged defaulting loan obligations. (ECF No. 2-2). Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), arguing lack of personal jurisdiction. (ECF No. 6).

Upon consideration of Defendants' Motion to Dismiss (ECF No. 6), the respective responses and briefs (ECF Nos. 8-10), and for the following reasons, Defendants' Motion to Dismiss will be granted.

I. Background

Lotus Foods avers that, prior to the creation of Go Fresh 365, Mr. Deng was a shareholder and CEO of a company known as iFresh, Inc. *Id*. at ¶ 7. iFresh, Inc. owned and operated retail supermarkets in various states including Ming's Supermarket in Boston, Massachusetts ("New Ming Store"). *Id*. at ¶¶ 8-9. As part of its operation of New Ming Store,

iFresh entered into a management agreement with New Ming, Inc.[1]  *Id*. at ¶ 10.   Pursuant to a loan agreement, security agreement, and management agreement, between Lotus Foods and New Ming, Inc., Lotus Foods loaned New Ming, Inc. $600,000.  (ECF No. 2-2 at ¶ 11).  The loan agreement and management agreement between Lotus and New Ming, Inc. contained forum selection clauses conferring jurisdiction upon the Court of Common Pleas of Allegheny County, Pennsylvania, or, if it has subject matter jurisdiction, the United States District Court for the Western District of Pennsylvania. (ECF No. 2-2 at pp. 9, 34).

      Due to alleged financial distress, iFresh's primary lender appointed a receiver.  *Id*. at ¶ 17.  Mr. Long formed Go Fresh 365 to purchase certain assets from the receiver, including the interest of iFresh in the New Ming Store.  *Id*. at ¶ 18.  In approximately March or April of 2023, New Ming, Inc. and the Defendants began to engage in discussions or negotiations to transfer the management of the New Ming Store to Go Fresh 365.  *Id*. at ¶ 19. Lotus Foods alleges that, at that time, both New Ming, Inc., and the Defendants were aware that:

      (1) New Ming, Inc., was in default of its loan with Lotus Foods;

      (2) Lotus Foods had a security interest in all the assets of the New Ming Store; and

      (3) that Lotus Foods had a judgment against New Ming, Inc.

*Id*. at ¶ 20.  Lotus Foods avers that, despite said awareness, the Defendants "took over" the New Ming Store and began operating it without making any payment to the Plaintiff or other creditors. *Id*. at ¶ 21.   Prior to this lawsuit, Defendants denied any obligation to pay Lotus Foods, because Defendants are new entities.  *Id*. at ¶ 22.   Lotus Foods avers that Defendants are successors to New Ming, Inc.; and thus, Defendants are subject to all of New Ming, Inc.'s liabilities, including New Ming, Inc.'s contractual obligations to Lotus Foods. *Id*. at ¶ 24.

---

[1] The Court has no record of such management agreement.

II.  Relevant Standards

A.  Fed. R. Civ. P. 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to challenge a Court's exercise of personal jurisdiction. "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102* (3d Cir. 2009) (citing G*en. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). To meet its burden, Plaintiff must establish "[a] nexus between the defendant, the forum and the litigation." *Deutz* AG, 270 F.3d at 150. Plaintiff must demonstrate by a preponderance of the evidence that personal jurisdiction exists. *Heinrich v. Serv. Corp. Int'l*, 2009 WL 2177229 at *1 (W.D. pa. July 22, 2009). "[I]n reviewing a motion to dismiss under Rule 12(b)(2) [the court] 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Pinker v. Roche Holdings*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992)). Plaintiff need only to establish a prima facie case for personal jurisdiction over the defendant to overcome a 12(b)(2) motion. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). A resolution of factual issues may be required to establish personal jurisdiction under a 12(b)(2) motion and thus a party may introduce extrinsic evidence beyond the pleadings to do so. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club*, 735 F.2d at 67 n. 9).

B.  Personal Jurisdiction

A party may consent to personal jurisdiction through a forum selection provision. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985).  In cases involving forum selection clauses, courts need not engage in a minimum contacts analysis to assess personal jurisdiction. *PNC Bank, Nat'l Ass'n v. Kanaan*, Civ. A. No. 11-7770, 2012 WL 1835534, at *7 (E.D. Pa. May 21, 2012). So long as "forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." *Burger King*, 471 U.S. at 472 n.14 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).  Forum selection clauses are "presumptively valid" and must be enforced, absent a showing that "enforcement of the clause would violate a strong public policy of the forum." *In re Exide Tech.*, 544 F.3d 196, 218 n.15 (3d Cir. 2008).

    III.    Discussion

In this case, personal jurisdiction is solely dependent on whether Lotus Foods can enforce the forum selection clause, from the loan agreement and management agreement between Lotus Foods and New Ming, Inc., against Defendants.  Defendants argue that Lotus Foods cannot establish personal jurisdiction under either the general rule or specific exceptions to establish successor liability.  In contrast, Lotus Foods contends that successor liability applies, because there is a continuity of enterprise or de facto merger between New Ming, Inc. and Defendants in relation to the operation of the New Ming Store.

Under Pennsylvania law, the acts of a predecessor corporation may be attributed to its successor for purposes of determining whether jurisdiction over the successor is proper. See *Simmers v. American Cyanamid Corp.*, 394 Pa.Super. 464, 576 A.2d 376, 381 (1990) ("We ... hold that the predecessor's activities may be attributed to the successor for jurisdictional purposes."); see also id. at 384–90 (explaining rationale); *Bowers v. NETI Technologies, Inc.*, 690

F.Supp. 349, 359–61 (E.D.Pa.1988) (applying successor liability to question of personal jurisdiction).

Generally, the issue of successor liability arises when one company sells or transfers all or a substantial portion of its assets to another company. Under these circumstances, the latter is not liable for the debts and liabilities of the transferor simply by virtue of its succession to the transferor's property. *Husak v. Berkel, Inc.*, 341 A.2d 174, 176 (Pa. Super. 1975). In order to find that this general rule does not apply such that the transferee acquires the transferor's liability, one of the following must be shown: (1) the purchaser expressly or impliedly agrees to assume such obligation; (2) the transaction amounts to a consolidation or merger; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is fraudulently entered into to escape liability. *Continental Ins. Co. v. Schneider, Inc.*, 873 A.2d 1286, 1291 (Pa. 2005); *Husak*, 341 A.2d at 176.

Here, as an initial observation, Lotus Foods has not established that New Ming, Inc. sold or substantially sold all of its assets to Defendants to even begin an analysis of successor liability. That discussion aside, Lotus Foods has not met its burden, in its pleadings or responses to Defendants' motion to dismiss, to establish that the forum selection clauses should be enforced against either Go Fresh 365 or Long Deng.  Lotus Foods has not averred in its pleadings or produced sufficient evidence of any documentation that New Ming, Inc. assigned or transferred any assets or liabilities under the Lotus Foods and New Ming, Inc. loan or management agreements.   And while Lotus Foods has alleged that iFresh maintained an interest in the New Ming Store, and that Mr. Long and/or Go Fresh 365 purchased said interest through iFresh's receiver, Lotus Foods has produced no documentation from the receivership or otherwise that would support a finding that such transaction included any transfer of assets or obligations of

5

New Ming, Inc. Without such information, the Court cannot find that Lotus Foods can enforce the forum selection clauses within the loan and management agreements against Defendants for purposes of personal jurisdiction.

Accordingly, Defendants Motion to Dismiss, for lack of personal jurisdiction, will be granted. A separate order will follow.

DATED this 21st day of December, 2023.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge